

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Q. McAdams, Commissioner
Department of Banking
Austin, Texas

Dear Mr. McAdams:

Opinion No. O-4618
Re: Construction of Articles
1514 to 1519, inc., R.C.S.,
with respect to the powers
of supervision and examina-
tion by the Banking Commis-
sioner.

Your letter of May 22, 1942, requesting an opinion
from this Department is as follows:

"Articles 1514 to 1519, inclusive, of
Chapter Nine, Banking Laws of Texas, have to
do with agricultural finance corporations;
and Article 1518 makes specific reference to
regulation, reading in part: 'Such corpora-
tions shall be subject at all times to the
supervision and control of the Banking Com-
missioner and shall conform to all lawful
regulations of such Commissioner.' It is
further provided that such corporations shall
be subject to examination under the direction
of the Commissioner, and shall pay fees there-
for as in the case of State banking corpora-
tions; and provides also that in the absence
of a specific statute that has to do with regu-
lation and/or supervision, the Commissioner's
powers over State Banks is applicable to cor-
porations organized under this Section.

"We have reason to believe that there are
corporations in Texas operating under the pur-
poses and provisions of this Section, but it

has not been the practice of this Department to examine such corporations.

"The purpose of this enquiry is to ascertain whether or not in your opinion the Department is required to make such examinations and if so, would the provision that requires State banks to be examined twice a year be applicable, and would it follow that State Bank Examiners would be duly authorized to conduct such examinations as in the case of State banks. Our main point of concern, as indicated above, is whether or not the visitation and/or examination right is permissive or obligatory."

Article 1519 of the group of Articles cited by you declares:

"Such corporations shall be subject at all times to the supervision and control of the Banking Commissioner, and shall conform to all lawful regulations of such Commissioner. No such corporation shall begin business until authorized to do so by such Commissioner after satisfactory showing made that such corporation has complied with the law, and thereafter it shall make reports to such Commissioner and be subject to such periodical visitations and examinations under his direction, and shall pay fees therefor, all as in the case of State banking corporations. Said Commissioner shall have such powers with reference to taking charge of such corporations, liquidating same, and for like causes as are possessed by him with reference to State banks."

The effect of this Article is, we think, not only to confer upon the Banking Commissioner the power of visitation and examination, but by the same token it makes such visitation and examination of such corporations the duty of the Banking Commissioner precisely as in the case of State banking corporations. An official power and duty thus conferred upon an officer is not discretionary with such officer in the matter of its exercise and performance, but is mandatory.

Trusting that what we have said correctly answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s) Ocie Speer
Assistant

OS-MR

APPROVED JUN. 2, 1942
(s) Gerald C. Mann
Attorney General of Texas

APPROVED
Opinion Committee
By B. W. B. Chairman